**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO**

| | |
|---|---|
| KENNETH JOHANSEN, individually and on behalf of a class of all persons and entities similarly situated,<br><br>        Plaintiff,<br><br>vs.<br><br>ICON SOLAR POWER, LLC,<br><br>        Defendant. | Case No. 2:20-cv-01456<br><br><br><br>CLASS ACTION COMPLAINT |

## <u>CLASS ACTION COMPLAINT</u>

### <u>Preliminary Statement</u>

1.　　Plaintiff Kenneth Johansen ("Plaintiff" or "Mr. Johansen") brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

2.　　ICON Solar Power, LLC ("ICON Solar" or "Defendant") engaged in telemarketing to originate new energy leads for its company. However, ICON Solar did so by calling residential numbers listed on the National Do Not Call Registry, like Mr. Johansen's, which is prohibited by the TCPA.

3.　　The Plaintiff never consented to receive the calls, which were placed to him for telemarketing purposes. Because telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, the Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendant.

4.     A class action is the best means of obtaining redress for the Defendant's wide-scale illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## Parties

5.     Plaintiff Kenneth Johansen is an Ohio resident and a resident of this district.

6.     Defendant ICON Solar is an Ohio limited liability company with a registered agent of CT Corporation System in Columbus, Ohio and solicits business with consumers in this district.

## Jurisdiction & Venue

7.     The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law.

8.     Defendant regularly engages in business in this district, including authorizing telemarketing calls into this district and soliciting business from this district for its regionalized energy programs.  Furthermore, the Defendant has a principal place of business in this district.

9.     Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district, as the telemarketing calls to the Plaintiff occurred in this district.

## The Telephone Consumer Protection Act

10.     In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In so doing, Congress recognized that "[u]nrestricted telemarketing … can be an intrusive invasion of privacy [.]"  Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

The National Do Not Call Registry

11.     The National Do Not Call Registry (the "Registry") allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers.  *See* 47 C.F.R. § 64.1200(c)(2).

12.     A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

13.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## **Defendant's Illegal Telemarketing**

14.     Defendant ICON Solar is a solar energy provider that targets, among other things, the residential solar market.

15.     Defendant uses telemarketing to promote its products.

16.     Recipients of these calls, including Plaintiff, did not consent to receive them and are often on the National Do Not Call Registry.

## **The Calls to Mr. Johansen**

17.     Plaintiff Johansen is a "person" as defined by 47 U.S.C. § 153(39).

18.     Plaintiff has a residential telephone number of (614) XXX-1037.

19.     The number is not associated with any business.

20.     ICON Solar placed at least two telemarketing calls to Mr. Johansen on February 24 and 28, 2020.

21.     On both calls, ICON Solar identified itself in a message to Mr. Johansen.

22.     The purpose of the calls was to sell Mr. Johansen ICON Solar services.

23.     To conclusively identify the company, Mr. Johansen engaged the telemarketer calling for ICON Solar on its third call to him, which occurred on March 2, 2020.

24.     After Mr. Johansen had identified the company that had been calling his number on the National Do Not Call Registry, he cancelled his appointment with ICON Solar that had been scheduled on the March 2, 2020 call.

25.     Plaintiff and the other call recipients were harmed by these calls.  They were temporarily deprived of legitimate use of their phones because the phone line was tied up during the telemarketing calls, and their privacy was improperly invaded.  Moreover, these calls injured Plaintiff and the other call recipients because they were frustrating, obnoxious, annoying, were a nuisance, and disturbed the solitude of Plaintiff and the class.

<b><u>Class Action Statement</u></b>

26.     As authorized by Rule 23(b)(2) or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a class of all other persons or entities similarly situated throughout the United States.

27.     The class of persons Plaintiff proposes to represent is tentatively defined as:

> **National Do Not Call Registry Class**: All persons in the United States (1) whose telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls from or on behalf of ICON Solar (3) within a 12-month period, (4) from four years prior the filing of the Complaint.

This is referred to as the "Class."

28.     Excluded from the Class are counsel, the Defendant and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

29.     The Class as defined above is identifiable through phone records and phone number databases.

30.     The potential members of the Class number at least in the thousands.

31.     Individual joinder of these persons is impracticable.

32.     The Plaintiff is a member of the Class.

33.     There are questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

> (a) whether Defendant systematically made multiple telephone calls to members of the Class;
>
> (b) whether Defendant made calls to Plaintiff and members of the Class without first obtaining prior express written consent to make the calls;
>
> (c) whether Defendant's conduct constitutes a violation of the TCPA; and
>
> (d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

34.     Plaintiff's claims are typical of the claims of members of the Class.

35.     Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class, he will fairly and adequately protect the interests of the Class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

36.     Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy.  The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

37.     The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

## FIRST CAUSE OF ACTION

### Telephone Consumer Protection Act
### (Violations of 47 U.S.C. § 227)
### (On Behalf of Plaintiff and the Class)

38.     Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

39.     The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

40.     The Defendant's violations were negligent, willful, or knowing.

41.     As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

42.     Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on

Defendant's behalf from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A.      Certification of the proposed Class;

B.      Appointment of Plaintiff as representative of the Class;

C.      Appointment of the undersigned counsel as counsel for the Class;

D.      A declaration that Defendant and/or its affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

E.      An order enjoining Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future;

F.      An award to Plaintiff and the Class of damages, as allowed by law;

G.      Leave to amend this Complaint to conform to the evidence presented at trial; and

H.      Orders granting such other and further relief as the Court deems necessary, just, and proper.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

Dated: March 20, 2020                         PLAINTIFF,
                                              By his attorneys

                                              **/s/ Brian K. Murphy**
                                              Brian K. Murphy, Trial Attorney (0070654)
                                              Jonathan P. Misny (0090673)
                                              Murray Murphy Moul + Basil LLP
                                              1114 Dublin Road
                                              Columbus, OH  43215
                                              (614) 488-0400
                                              (614) 488-0401 facsimile
                                              murphy@mmmb.com
                                              misny@mmmb.com

                                              Anthony I. Paronich (pro hac vice to be filed)
                                              Paronich Law, P.C.
                                              350 Lincoln Street, Suite 2400
                                              Hingham, MA 02043
                                              (508) 221-1510
                                              anthony@paronichlaw.com